JOHN JAHRMARKT, ESQ. (SBN 175569)
JAHRMARKT & ASSOCIATES
2049 Century Park East
Suite 3850
Los Angeles, California 90067
(310) 226-7676
(310) 226-7677 fax
jjlawyer@mail.com

Attorneys for Plaintiff
JESSICA DOMAIN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA DOMAIN, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> THE WALT DISNEY COMPANY; ABC CABLE NETWORKS GROUP; THE POKEMON COMPANY INTERNATIONAL, INC.; JOHN LOEFFLER; FIELDHOUSE MUSIC, LLC; BMG RIGHTS MANAGEMENT (US) LLC; and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO: <br><br> COMPLAINT FOR: <br><br> 1. DAMAGES BASED UPON COPYRIGHT INFRINGEMENT <br><br> 2. DAMAGES BASED UPON BREACH OF CONTRACT <br><br> 3. DAMAGES AND PUNITIVE DAMAGES BASED UPON FRAUDULENT MISREPRESENTATION OF FACT <br><br> 4. ACCOUNTING <br><br> <u>JURY TRIAL DEMANDED</u> |

Plaintiff JESSICA DOMAIN alleges as follows:

**THE PARTIES**

1. Plaintiff JESSICA DOMAIN (hereinafter "DOMAIN" or "Plaintiff") is an individual and a resident of the State of New York. Plaintiff DOMAIN is a professional musician and songwriter who, through hard work and substantial effort, has developed a professional reputation as a well qualified musician and songwriter.

2. Based upon information and belief, Defendant THE WALT DISNEY

1  COMPANY (hereinafter "DISNEY") is a Delaware corporation, headquartered in
2  Burbank, California and doing substantial business in the State of California, County of
3  Los Angeles. Based upon information and belief, Defendant DISNEY is engaged in the
4  business of network production and distribution within the State of California, does a
5  substantial amount of business with ABC, and is qualified to do business within the State
6  of California.
7         3.     Based upon information and belief, Defendant ABC CABLE NETWORKS
8  GROUP (hereinafter "ABC") is a California corporation, headquartered in Burbank,
9  California  doing substantial business in the State of California, County of Los Angeles.
10 Based upon information and belief, Defendant ABC is engaged in the business of
11 network production and distribution within the State of California and is qualified to do
12 business within the State of California.
13        4.     Based upon information and belief, Defendant THE POKEMON
14 COMPANY INTERNATIONAL, INC (hereinafter "POKEMON") is a Delaware
15 corporation doing substantial business in the State of California, County of Los Angeles.
16 Based upon information and belief, Defendant POKEMON engages in the brand
17 management, licensing, and marketing of trading card games, animated television series,
18 and home entertainment products. and is qualified to do business within the State of
19 California.
20        5.     Based upon information and belief, Defendant, FIELDHOUSE MUSIC,
21 LLC (hereinafter "FH") is a New York limited liability company conducts substantial
22 business within the State of New York.
23        6.     Based upon information and belief, Defendant, JOHN LOEFFLER
24 (hereinafter "LOEFLER") is an individual residing in the state of New York, is executive
25 director of FH.
26        7.     Based upon information and belief, Defendant BMG RIGHTS
27 MANAGEMENT (US) LLC (hereinafter "BMG") is a Delaware corporation doing
28 substantial business in the State of California, County of Los Angeles. Based upon

information and belief, Defendant BMG engages in the music publishing. and is qualified to do business within the State of California.

8. Plaintiff is unaware of the true identity and capacity of each of the defendants named herein as Does 1 through 100, inclusive. Plaintiff will seek to amend this Complaint to state the names and capacities of said Doe defendants when ascertained. Plaintiff is informed and believes and on that basis alleges that each of said Doe defendants committed, was responsible for and contributed to the acts hereinafter alleged and that Plaintiff's damages were proximately caused by the acts and omissions of said fictitious defendants.

9. Plaintiff is informed and believes and on that basis alleges that, in engaging in the acts hereinafter alleged, each of the defendants was the agent, servant and employee of each of the other defendants, and performed each of the acts hereinafter alleged within the course and scope of such agency and employment and with the knowledge, consent, approval, authorization and ratification of each other defendant.

## JURISDICTION AND VENUE

10. This is an action for copyright infringement based upon The Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.; jurisdiction is, therefore, predicated upon 28 U.S.C. §§ 1331. The Court has jurisdiction over all claims pursuant to Federal Rule of Civil Procedure Rule 18.

11. Venue is properly set within this district pursuant to 28 U.S.C. §§ 1391 and 1400(a).

## STATEMENT OF FACTS

12. Plaintiff DOMAIN is a professional musician and songwriter who has developed a professional reputation as a well qualified musician and songwriter.

13. In or about 2013, at the request Defendants BMG, FH and LOEFFLER, DOMAIN authored, performed and recorded a series of wholly original musical compositions constituting copyrightable material (hereinafter collectively referred to as the "Songs" unless otherwise required by context) under the laws of the United States. The Songs include but are not limited to the following original titles: We're Coming Home, New Family Christmas, Spirits Dancing, You Got The Love, Red Carpet Ready, X-Ray Vision, X-Ray Vision Remix, Better Life, Found My Soul and One Ticket.

14. On or about January 9, 2013, DOMAIN and BMG entered into a written agreement ("Agreement") memorializing the above-referenced writing engagement for some of the Songs. A true and correct copy of the Agreement is attached hereto as exhibit "A" and by this reference incorporated herein as though fully set forth at length.

15. Based upon information and belief, Defendants BMG, FH and LOEFFLER, took writing credit for some or all of the Songs, distributed some or all of the Songs for profit claiming to be the authors of the Songs and kept all publishing rights in and to the Songs.

16. One of the Songs (We're Coming Home) was duplicated and recorded in and as part of the motion picture "Pokémon the Movie: Genesect and the Legend Awakened" (the "POKÉMON MOVIE"). Based upon information and belief, POKÉMON MOVIE was distributed by Defendants DISNEY, ABC and POKEMON for profit and without crediting Plaintiff as the author and recoding artist for the We're Coming Home song.

17. At no time did DOMAIN transfer ownership of any of the copyrights in and to any of the Songs to any Defendant.

## COUNT 1

## COPYRIGHT INFRINGEMENT

(against all Defendants)

18. Plaintiff repeats and reasserts the allegations of paragraphs 1 through 17 as though fully set forth hereat.

19. Plaintiff is the "author" of the Songs for purposes of the United States and worldwide copyright protection.

20. Plaintiff has taken appropriate steps to assure that the Songs are not published, reproduced or used in any manner without an appropriate grant of rights or licence of Plaintiff DOMAIN.

21. Plaintiff DOMAIN has taken appropriate steps to assure that copyrights to the Songs are registered for the beneficial interest of Plaintiff as the "author" for purposes of the copyright law.

22. The Agreement with BMG provided that Plaintiff DOMAIN would retain copyright ownership of the Songs.

23. As the copyright owner of the Songs, Plaintiff DOMAIN enjoys the exclusive rights granted under the copyright laws, including, the right to (a) reproduce the work; (b) prepare derivative works; (c) distribute copies of the work to the public; and (d) to display the work publicly.

24. Upon information and belief, by their actions herein, the Defendants, and each of them have, directly and/or indirectly violated these rights by broadcasting and airing the Songs.

25. Defendants, acting through their employees, physically copied the Songs, and transmitted same to third parties with knowledge that the Songs would be displayed for public access.

26. Plaintiff is further informed and believes that Defendants, and each of them, conspired and agreed to violate Plaintiff's copyrights in the manner alleged above.

27. Such actions constitute acts of copyright infringement by Defendants and each of them.

28. By reason of the foregoing, the Defendants infringed upon the Plaintiff's copyright and derived profits and revenues as a direct and proximate result of that

-5-
COMPLAINT

infringement.

29. Plaintiff has been damaged by such actions in that he has been deprived of her property rights in the Songs without just compensation and the value of such Song has been reduced.

## COUNT 2

## BREACH OF CONTRACT

(against Defendant BMG)

30. Plaintiff refers to and incorporates herein by reference the allegations contained in paragraph 1 through 29, inclusive.

31. Pursuant to the terms of the Agreement, Plaintiff granted Defendant BMG a non-exclusive license in and to the Songs and other songs mentioned in the Agreement on condition that Defendant BMG pay royalties for any Songs that were sub-licensed by Defendant BMG to third parties.

32. Based upon information and belief, Defendant BMG sub-licensed some or all of the Songs to third parties and failed to pay any royalties to Plaintiff.  The failure to pay the royalties constitutes breach of the Agreement.

33. Based upon information and belief, Defendant BMG distributed the Songs without providing writing credit to Plaintiff on the copies of the Songs, thereby further breaching the terms of the Agreement.

34. Pursuant to the Agreement, Defendant BMG agreed to pay certain fees, including the royalties and license fees to Plaintiff in connection with the licences granted for the use of the Songs.

35. Plaintiff has performed all conditions, covenants, promises, and obligations to be performed on her part under the Agreement except for those obligations prevented or excused by the acts of Defendants.

36. Despite demand by Plaintiff for payment, Defendant BMG has breached the

Agreement by failing to pay royalties and license fees relating to distribution of the Songs in an amount according to proof but capable of determination.

37. Plaintiff has been harmed by Defendant BMG's breach in an amount according to proof but capable of determination.

## COUNT 3

## FRAUDULENT MISREPRESENTATION OF FACT

(against Defendants BMG, FH and LOEFFLER)

38. Plaintiff refers to and incorporates herein by reference the allegations contained in paragraph 1 through 37, inclusive.

39. In or about January 2013, at the request Defendants LOEFFLER on his behalf and on behalf of Defendants BMG and FH, DOMAIN authored, performed and recorded the Songs. At that time, Defendants LOEFFLER on his behalf and on behalf of Defendants BMG and FH, told Plainitff in person and on the telephone that if she authored, performed and recorded the Songs, they would attempt to license the Songs to third parties and pay Plaintiff royalty fees when the Songs were licensed.

40. At the time Defendants LOEFFLER on his behalf and on behalf of Defendants BMG and FH made these misrepresentations, they intended to obtain the Songs and recordings thereof and claim to be the authors of the Songs, license the Songs to third parties and keep all of the license fees paid by the third parties, without payment of any royalties to Plaintiff.

41. At the same time that Defendants LOEFFLER on his behalf and on behalf of Defendants BMG and FH made these misrepresentations, they also entered into the Agreement with the knowledge that Defendant BMG did not intend to honor the terms of the Agreement.

42. Defendants LOEFFLER, BMG and FH intended to, and did, induce Plaintiff to author the Songs, and further induced Plaintiff to grant Defendants a license to use the Songs and then Defendants used each Song outside its respective time permitted under the terms of the Agreement.

43. At the time that Defendants made such materially misleading statements and

omissions as set forth herein, Defendants, and each of them knew that same were false.

44. Defendants committed the acts herein alleged with the intent to deceive and defraud Plaintiff and with the intent to induce Plaintiff to act as set forth herein.

45. Defendants committed these acts with the intent to induce reliance by Plaintiff, who in fact reasonable relied thereupon by authoring the Songs and allowing Defendants access to the recorded versions of the Songs and granting Defendants the limited right to use the Songs in connection with the Agreement.  In addition, Plaintiff incurred costs associated with music studio time and gear to author, compose and record the Songs.

46. Had Plaintiff known the true facts, Plaintiff would not have acted as set forth herein.  At the time of these misrepresentations and omissions, Plaintiff was ignorant of the true facts and existence of the facts to which Defendants suppressed and failed to disclose.

47. As a proximate result of Defendants' misrepresentations of fact and omissions as herein alleged, and Defendants' failure to disclose the true facts, Plaintiff has been damaged in an amount to be ascertained at trial according to proof.

48. The aforementioned acts of Defendants were willful and malicious in that Defendants conduct was intended to cause injury to Plaintiff and was carried on with a conscious disregard for Plaintiff, thereby warranting the assessment of exemplary and punitive damages against Defendants in an amount appropriate to punish Defendants.

## COUNT 4

## ACCOUNTING

(against Defendant BMG)

49. Plaintiff refers to and incorporates herein by reference the allegations contained in paragraph 1 through 48, inclusive.

50. As is more particularly described hereinabove, the Agreement provides for the payment of royalties which are dependent on license fees generated and received by Defendant BMG relating tho the licensing of the Songs to third parties.  As such, Plaintiff has a right to audit the books and records relating to Defendant BMG licensing of the Songs under the

Agreement.

51. Defendant BMG has failed to account for the royalties of the Songs due under the Agreement. Accordingly, Plaintiff is entitled to a full accounting. Said accounting shall include, among other things, a complete review of all books and records relating licensing of the Songs under the Agreement and a review of all relating banking records, including but not limited to cancelled checks.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, by and through his attorneys respectfully prays that this honorable court render a judgement in his favor against the defendants herein, granting the following relief:

### AS TO COUNT 1

1. A determination that Defendants have improperly and unlawfully infringed upon Plaintiff's copyright in the Songs;

2. The entry of a judgment in favor of the Plaintiff against the Defendants for actual and / or statutory damages and / or for any profits attributable to the infringement of Plaintiff's copyright and proprietary rights and interests;

3. An order requiring the Defendants to account for all gains, profits, advantages, and revenues derived from the infringements of the Plaintiff's Songs, and to be derived therefrom in the future;

4. An order requiring the all gains, profits, advantages, and revenues derived from the infringement of the Songs, be deemed to be held in a constructive trust for the benefit of the Plaintiff;

5. An order requiring Defendants to disgorge all gains, profits, advantages, and revenues derived from the infringement of the Plaintiff's Songs; and

6. An order requiring the award of damages in favor of the Plaintiff to include costs, interest and reasonable attorney fees to the extent permissible under applicable law.

## AS TO COUNT 2

1. For Damages according to proof;

2. For interest at the maximum legal rate;

3. For costs of suit; and

4. For such other and further relief as this Court may deem just and proper.

## AS TO COUNT 3

1. For Damages according to proof;

2. For interest at the maximum legal rate;

3. For costs of suit;

4. For exemplary and punitive damages in an amount deemed adequate to punish and make example of Defendants, to be determined at time of trial; and

5. For such other and further relief as this Court may deem just and proper.

## AS TO COUNT 4

1. An accounting to include, among other things, a complete review of all books and records relating licensing of the Songs under the Agreement and a review of all relating banking records, including but not limited to cancelled checks.; and

2. For such other and further relief as this Court may deem just and proper.

JOHN JAHRMARKT, ESQ. (SBN 175569)
JAHRMARKT & ASSOCIATES
2049 Century Park East, Suite 3850
Los Angeles, California 90067

JOHN JAHRMARKT, ESQ. (SBN 175569)
JAHRMARKT & ASSOCIATES
2049 Century Park East, Suite 3850
Los Angeles, California 90067

Dated: April 14, 2019

                                            JAHRMARKT & ASSOCIATES

                                            Attorneys for Plaintiffs
                                            JESSICA DOMAIN

                                            By:_____
                                                John Jahrmarkt

-11-
COMPLAINT